**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| HELLSTAR STUDIOS INC., <br><br> Plaintiff, <br><br> v. <br><br> THE INDIVIDUALS, CORPORATIONS, LIMITED LIABILITY COMPANIES, PARTNERSHIPS, AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A, <br><br> Defendants. | Case No. 26-cv-05105 |

**PLAINTIFF'S MOTION TO SEAL**

Plaintiff HELLSTAR STUDIOS INC. ("Plaintiff") respectfully submits this application to file under seal the following documents until the hearing on Plaintiff's Application for an Order to Show Cause Why a Preliminary Injunction Should Not Issue or further order of the Court:

(1)   Plaintiff's Schedule A attached to the Complaint, which identifies and includes a list of Defendants' online marketplace websites (the "Defendant Internet Stores") and the usernames for the Defendant Internet Stores;

(2)   Screenshot printouts showing the active Defendant Internet Stores (Exhibit 2 to the Declaration of Sebastian Santoro); and

(3)   Results from Panoramic Consulting Ltd.'s investigation of all Defendant Internet Stores' seller names, URLs, addresses, and phone numbers (Exhibit 1 to the Declaration of Yingchun Hou).

1

Plaintiff provisionally filed the documents unredacted under seal pending the Court's determination of this motion.

In this action, Plaintiff is requesting *ex parte* relief based on claims for trademark counterfeiting. Sealing the requested documents is necessary to prevent the Defendants from learning of these proceedings prior to the entry of a temporary restraining order. If Defendants were to learn of these proceedings prematurely, the likely result would be the destruction of relevant documentary evidence and the hiding or transferring of assets to foreign jurisdictions, which would frustrate the purpose of the underlying lawsuit and would interfere with this Court's power to grant relief. Once a temporary restraining order has been served on the relevant parties and the requested actions are taken, Plaintiff will move to unseal these documents.

Therefore, Plaintiff respectfully requests that the Court grants Plaintiff leave to file its Schedule A attached to the Complaint, Exhibit 2 to the Complaint, Exhibit 2 to the Declaration of Sebastian Santoro, and Exhibit 1 to the Declaration of Yingchun Hou under seal. *See, e.g., WowWee Grp. Ltd. v. Meirly,* No. 1:18-cv-00706 Dkt. No. 7 (S.D.N.Y. Feb. 5, 2018) (granting application to seal); *Allstar Mktg. v. _GB Housewear Store,* No. 1:17-cv-07596 (S.D.N.Y. Oct. 12, 2017), Dkt. No. 22 (same); *Spin Master Ltd. v. Alan Yuan's Store,* No. 1:17-cv-07422 (S.D.N.Y. Oct. 13, 2017), Dkt. No. 19 (same); *Kipling Apparel Corp. v. Rhys,* No. 16-cv-990 (S.D.N.Y. Feb. 17, 2016), Dkt. No. 14 (same).

2

Dated:     June 17, 2026                Respectfully,

                                        /s/ Christopher Tom
                                        Christopher Tom, Esq. (S.D.N.Y. Bar No. CT1983)
                                        Boies Schiller Flexner LLP
                                        55 Hudson Yards
                                        New York, NY 10001
                                        (212) 446-2300
                                        ctom@bsfllp.com

                                        *Counsel for Plaintiff HELLSTAR STUDIOS INC.*

Plaintiff's motion to seal is GRANTED.

SO ORDERED.  Dated June 22, 2026.

HON. MARGARET M. GARNETT
UNITED STATES DISTRICT JUDGE

3